# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARRISH JUAN CHAMBERS,<br><br>                                    Plaintiff,<br><br>      v.<br><br>DEPUTIES IN COUNTY and SAN DIEGO SHERIFF DEPARTMENT,<br><br>                                    Defendants. | Case No. 26-cv-00377-BAS-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 3)** |

Plaintiff Parrish Juan Chambers seeks appointment of counsel (ECF No. 3.)  Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel for indigent litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the

plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.* Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case").

Here, Plaintiff moves for the court to appoint pro bono counsel on the basis that he is incarcerated. Unfortunately, circumstances common to most prisoners do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. *See Driver v. Kern Cnty. Superior Ct.*, No. 220CV1665JAMKJNP, 2022 WL 379243, at *1 (E.D. Cal. Feb. 8, 2022). In addition, the case is in beginning stages and the Court is unable to determine the likelihood of success at this stage. *Jones v. Brennan*, No. 18-CV-07569-HSG, 2019 WL 1925495, at *1 (N.D. Cal. Apr. 30, 2019)

For the reasons above, the Court **DENIES** Plaintiff's motion to appoint pro bono counsel. (ECF No. 3.)

   **IT IS SO ORDERED.**


**DATED: February 5, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv377